**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KENNETH CHAO, | Case No. 26-cv-00339-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART** |
| COUNTY OF SANTA CLARA, BOARD OF SUPERVISORS, et al., | |
| Defendants. | [Re: ECF No. 8] |

Before the Court is the County of Santa Clara's Motion to Dismiss. ECF No. 8 ("Mot."); *see also* ECF No. 13 ("Reply"). Plaintiff Kenneth Chao opposes. ECF No. 11 ("Opp."). The Court finds that this motion is suitable for resolution without oral argument and VACATES the hearing set for July 2, 2026. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court GRANTS the motion to dismiss.

**I.    BACKGROUND**

**A.    Facts**

According to the complaint, Plaintiff was employed by the County of Santa Clara (the "County") as a Healthcare Program Analyst II from December 2022 until resigning on March 7, 2025. ECF No. 1 ("Compl.") ¶ 1. During this period, Plaintiff "observed and documented" examples of allegedly "fraudulent activities and mismanagement" within the County's Providers Relations Department. *Id.* ¶ 2. In particular, Plaintiff alleges that County employees did not work all the hours expected of them despite receiving full compensation. *Id.* ¶¶ 2, 11–15. Plaintiff reported these observations, including with upper management and through complaints made to the Whistleblower Hotline and Medicare/Medi-Cal Waste Fraud Abuse Hotline. *Id.* ¶¶ 3, 16–19. Plaintiff alleges that "the lack of actual work performed and the full compensation received"

amounts to "potential embezzlement of funds sourced from federal and state tax money." *Id.* ¶¶ 18–19.
### B.    Procedural History
On January 13, 2026, Plaintiff filed this action, asserting a claim for violations of the False Claims Act, 31 U.S.C. §§ 3729 et seq, under the statute's *qui tam* provisions. *Id.* ¶¶ 35–50. On the cover page, the complaint purports to bring a second claim for whistleblower retaliation under the False Claims Act, although no second cause of action is not identified in the body of the pleading. Plaintiff names as defendants (1) the County of Santa Clara Board of Supervisors; (2) the County of Santa Clara; and (3) 32 County employees. On May 11, 2026, all individual defendants other than Otto Lee were dismissed for failure to effect service of process within the time provided under Federal Rule of Civil Procedure 4(m). ECF No. 17.
## II.    LEGAL STANDARD
Dismissal of a complaint is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds,* 275 F.3d 1187 (9th Cir. 2001)).
In deciding whether to grant leave to amend, a court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:
United States District Court
Northern District of California

(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *See id.*

Plaintiff is proceeding *pro se*. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* Civ. L.R. 3-9(a).

## III.    DISCUSSION

As an initial matter, Plaintiff has clarified that Otto Lee—the only individual that has been served—is being sued only in his official capacity. *See* Declaration of Rick Chang, ECF No. 9 ("Chang Decl.") ¶ 6 & Ex. 1. The County also acknowledges that under the Federal Rules of Civil Procedure, Plaintiff has succeeded in serving the County. Mot. at 3–4. As the County correctly argues, "[i]n an official-capacity suit, the government entity is the real party in interest." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Where individuals are sued in their official capacity and the municipality is also being sued, "then the claims against the individuals are duplicative and should be dismissed." *Id.* Thus, Otto Lee, the only remaining individual defendant, is DISMISSED WITHOUT LEAVE TO AMEND.

With respect to the claims, the County moves to dismiss on three grounds: (1) the complaint fails to comply with the mandatory procedural requirements of the False Claims Act; (2) the complaint fails to state a False Claims Act claim; and (3) the whistleblower retaliation claim is both procedurally defective and inadequately pled. In response, Plaintiff contends that the alleged conduct satisfies the core elements of a False Claims Act violation but does not otherwise respond to the County's arguments.

### A.    False Claims Act Claim

The False Claims Act ("FCA") prohibits false or fraudulent claims for payment to the

United States District Court
Northern District of California

United States. 31 U.S.C. § 3729(a). Civil actions under the FCA may be brought by the Attorney General, § 3730(a), or by a private individual, § 3730(b)(1). Where, as here, an FCA action is "brought by a private party, an 'enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the relator.'" *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 793 (9th Cir. 2017) (quoting *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009)).

### 1.    Mandatory Procedural Requirements

To begin, the County argues that Plaintiff cannot bring a *qui tam* action *pro se*. Mot. at 6–7. The Court agrees. In *Stoner v. Santa Clara County Office of Education*, the Ninth Circuit held that "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States," 502 F.3d 1116, 1127 (9th Cir. 2007). Here, because Plaintiff is not represented by a lawyer, Plaintiff cannot proceed on the FCA claim. *See United States v. Hutt*, No. 21-cv-01292-HSG, 2021 WL 6846278, at *1 (N.D. Cal. Dec. 10, 2021) ("Because Plaintiff is not represented by counsel, he cannot proceed *pro se* in a *qui tam* action."); *see also Dunlap v. Bay Area Rapid Transit*, No. 25-cv-08643-JCS, 2025 WL 3146412, at *2 (N.D. Cal. Nov. 11, 2025); *United States ex rel. Kraft v. Calportland Construction*, No. C 18-01705 JSW, 2018 WL 4378757, at *1 (N.D. Cal. June 15, 2018). Accordingly, the FCA claim is subject to dismissal on this basis.

The County also argues that Plaintiff has not filed the complaint under seal or served the United States before serving any defendant, as required by the FCA. Mot. at 7–8. The FCA requires that a private party serve a "copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" on the government, file the complaint in camera, and shall not serve the complaint on any defendant until the Court so orders. 31 U.S.C. § 3730(b)(2). "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* Only if the government notifies the Court that it declines to intervene shall private parties have the right to conduct the action. 31 U.S.C. § 3730(b)(4).

The FCA's seal provision "allow[s] the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study

United States District Court
Northern District of California

United States District Court
Northern District of California

and evaluate the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995). If a relator violates the seal provisions, the court may dismiss the claim after considering (1) whether the government was actually harmed by the disclosure; (2) the nature of the violation and (3) the presence or absence of bad faith or willfulness. *Id.* at 245–47. Although violations of the FCA's procedural "requirements do[] not *per se* require dismissal of the *qui tam* complaint," courts that have "found dismissal appropriate have relied, at least in part, on the irreparable harm to the government caused by the complete failure to abide by any of the seal provisions, including failure to serve the government with a copy of the complaint." *Id.* at 245.

For example, in *Erickson ex rel. United States v. American Institution of Biological Sciences*, to which the County refers the Court, the *qui tam* relator failed to file the complaint *in camera* and delay service on the defendant, 716 F. Supp. 908, 911 (E.D. Va. 1989). The court explained that because "a party pursuing a statutory remedy must comply with all the procedures the statute mandates" the relator's failure to comply with the FCA's procedural requirements warranted dismissal. *Id.* at 911–12. The court also considered the FCA's policy goals, finding that the realtor's "failure to comply with the filing and service provisions irreversibly frustrate[d] the congressional goals underlying those provisions," including because Congress intended to "prevent alleged wrongdoers from being tipped off that they were under investigation." *Id.* at 912. Moreover, because the result of noncompliance "cannot be cured or remedied," the court found that "dismissal [was] the proper remedy." *Id.*

Here, as in *Erickson*, Plaintiff has "*completely* failed to comply with *any* of the requirements of § 3730(b)(2)," by failing to file the complaint under seal or serve the government with the complaint and all material evidence and information Plaintiff possesses. *Lujan*, 67 F.3d at 246. Nor has the government had the opportunity to decline to intervene. While the Court finds no bad faith on the part of Plaintiff, the government was harmed by Plaintiff's failure to comply with the notice and sealing requirements, which would have given it the opportunity to evaluate the claim and decide whether to intervene. As "no cure exists" for Plaintiff's noncompliance,

*Erickson*, 716 F. Supp. at 912, the Court finds that the FCA claim is subject to dismissal. "To hold otherwise [would] render[] the *qui tam* filing and service requirements toothless." *Id.*

### 2.    Failure to State a Claim

Turning to the merits, the County argues that the complaint does not state the presentation of a claim, falsity, or materiality. Mot. at 9–12. According to Plaintiff, the alleged conduct satisfies the FCA's core elements. Opp. at 4.

To state a claim under the FCA, a plaintiff must plausibly allege "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006). Furthermore, under Federal Rule of Civil Procedure 9(b), a plaintiff must allege a claim "grounded in fraud" with particularity. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Particularity requires specifying "'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (alteration omitted) (quoting *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

The County first contends that Plaintiff's failure to allege any presentment of a claim for payment to the federal government is fatal to the FCA claim. Mot. at 8. Because "[e]vidence of an actual false claim is 'the *sine qua non* of a False Claims Act violation,'" the Court agrees. *See United States v. Kitsap Physicians Servs.*, 314 F.3d 995, 1002 (9th Cir. 2022) (citation omitted). Plaintiff alleges only that local County employees were paid "full compensation for minimal hours of actual work performed." Compl. ¶ 2. Plaintiff asserts a "belie[f]" that this practice "constituted embezzlement of county and federal funds." *Id.* But Plaintiff's conclusory statement does not specify the nature of the federal funds or the existence of any claim for money from the federal government. Working fewer hours than expected is not equivalent to a claim for funds. And Plaintiff does not cite any authority for the proposition that "billing for work not performed" is "a classic and straightforward violation" of the FCA. Opp. at 4. Because the complaint does not

6

allege that any person or entity "falsely asserted an entitlement to obtain or retain government money or property," *Cafasso*, 637 F.3d at 1056, the claim is not cognizable.

With respect to the falsity and materiality requirements, the County asserts that the complaint rests on speculation and conclusory allegations. Mot. at 11–12. Plaintiff urges that the "claims for payment, based on 40-hour work weeks, were objectively false" and "unquestionably material to the government's decision to pay" because "[n]o government entity would knowingly pay for 40 hours of labor upon learning that only one hour was actually worked." Opp. at 4.

The County has the better argument. Plaintiff's observation that County employees "were physically present in the office for approximately 1–3 hours per week, yet received compensation equivalent to a full 40-hour work week," Compl. ¶ 14, lacks the requisite particularity as Plaintiff provides no facts explaining the "who, what, when, where, and how" of the basis for the alleged false or fraudulent conduct. Plaintiff's allegation that employees work only minimal hours is not supported by sufficient facts that make such an inference plausible, including because it is equally plausible that County employees were working remotely or otherwise outside of Plaintiff's line of sight. Nor do Plaintiff's vague allegations meet the "demanding" materiality standard, which requires more than "minor or insubstantial" noncompliance with a condition of payment. *United Heath Servs., Inc. v. United States*, 579 U.S. 176, 194–95 (2016). As the County points out, the complaint does not identity any federal funding program predicated on employee hours or a federal payment decision that could have been impacted by the alleged conduct. Thus, the complaint does not support a plausible inference of materiality.

*      *      *

Plaintiff—who is improperly proceeding on an FCA claim *pro se*—did not file the complaint under seal or serve a copy on the government, violations that "incurably frustrated the statutory purposes underlying the seal requirements." *Lujan*, 67 F.3d at 245 (citation and alterations omitted). In light of these "serious procedural failures" and "the shortcomings on the merits," the Court concludes that the FCA claim cannot go forward. *See Andre v. Bank of Am., NA*, No. 14-cv-02888-PSG, 2016 WL 69914, at *5 (N.D. Cal. Jan. 6, 2016). The motion to dismiss Plaintiff's FCA claim is thus GRANTED WITHOUT LEAVE TO AMEND.

United States District Court
Northern District of California

United States District Court
Northern District of California

### B.    Retaliation Claim

Turning to Plaintiff's claim for whistleblower retaliation, the County alleges that it is procedurally defective and insufficiently alleged.  Mot. at 12–16.

The Court begins with the procedural challenge.  On the cover page of the complaint, Plaintiff identifies a second cause of action: a claim for retaliation under the FCA's whistleblower protection provisions.  *See* 31 U.S.C. § 3730(h).  However, the retaliation claim is not pled as a separate cause of action in the body of the complaint, and so, according to the County, is not valid.  Mot. at 12–13.  Rule 10(b) of the Federal Rules of Civil Procedure provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).  While the complaint would certainly be clearer if the retaliation claim was stated separately, the Court is mindful of its duty to liberally construe *pro se* complaints and will not dismiss the retaliation claim on this technical basis.

With respect to the merits, the County argues that Plaintiff has not alleged a whistleblower retaliation claim.  Mot. at 13–15.  To state a retaliation claim under 31 U.S.C. § 3730(h), a plaintiff must allege that (1) he engaged in protected activity; (2) the employer knew he engaged in protected activity; and (3) the employer discriminated against him because of that activity.  *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996).

An activity is protected where plaintiff is "investigating matters which are calculated, or reasonably could lead, to a viable FCA action."  *Id.*  As discussed above, the complaint does not adequately allege the protected activity with sufficient particularity.  Indeed, Plaintiff's reporting County employees working fewer than 40 hours per week does not amount to a plausible FCA claim.  Compl. ¶¶ 11–20.  The Ninth Circuit has made clear that while "[c]orrecting regulatory problems may be a laudable goal," it is not "actionable under the FCA in the absence of actual fraudulent conduct."  *Hopper*, 91 F.3d at 1269.  Where, as here, the "investigatory activity [does] not have any nexus to the FCA," the activity is not protected under the FCA retaliation statute.  *Id.*

Plaintiff must also allege facts sufficient to show that the employer knew Plaintiff was engaged in protected activity.  *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 908 (9th Cir. 2017).  The Country urges that the complaint does not support a reasonable inference

that the County was on notice of a potential *qui tam* suit.  Mot. at 14.   The Court is not persuaded.  The complaint includes allegations of Plaintiff's reporting concerns "through the appropriate channels within the County," making formal complaints to the whistleblower hotline, and emailing reports to various County officials.  Compl. ¶¶ 16–20.  While the Court is in full agreement with the County that Plaintiff's allegations have no nexus to the FCA, the allegations support a plausible inference that the County was on notice of what Plaintiff alleges.

Finally, the County argues that there is no indication the County discriminated against Plaintiff for engaging in any protected activity.  Mot. at 14–15.  The Court disagrees.  The alleged discrimination—Plaintiff's forced resignation—occurred shortly after the reports.  Compl. ¶¶ 24–26.  While somewhat conclusorily alleged, the temporal proximity between Plaintiff's whistleblowing and the alleged retaliatory conduct is sufficient to raise a plausible inference of a causal connection between the two.  *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (holding that the "temporal proximity" between "protected activities" and "adverse acts" raises an inference of a causal link).  At this stage, Plaintiff need not, as the County argues, adduce facts concerning the circumstances that led to the resignation.

In sum, Plaintiff's claim for FCA retaliation is DISMISSED for failure to state a claim.  Because the Court determines that none of the *Foman* factors weighs against permitting amendment, the dismissal is WITH LEAVE TO AMEND.

United States District Court
Northern District of California

9

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the County's motion to dismiss is GRANTED as follows:

(1) Defendant Otto Lee is DISMISSED WITHOUT LEAVE TO AMEND.

(2) Plaintiff's FCA claim is DISMISSED WITHOUT LEAVE TO AMEND.

(3) Plaintiff's claim for retaliation is DISMISSED WITH LEAVE TO AMEND.

Plaintiff SHALL file a first amended complaint within 30 days of the date of this Order, on or before **June 17, 2026.**  Leave to amend is limited to the deficiencies identified in this Order. Plaintiff may not add new claims or parties without express leave of the Court.

Dated:  May 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

10